### THE ATLAS.

### THE LEONARD J. BUSBY.

(District Court, E. D. New York. April 19, 1902.)

1. COLLISION—BREAKING OF BARGES FROM PIER—EVIDENCE CONSIDERED.

Conflicting testimony considered, and the parting of a line by which a barge was made fast to a pier *held* to have been due to the strain caused by the tying up of five other barges on the outside, where they were negligently allowed to lie during a high wind, all being sustained by the first, and not to the cutting of the line by a steam tug.

2. SAME—NEGLIGENCE—MOORING.

A barge was negligent in remaining tied up on the outside of five others, the inner one only being fast to the pier, during a stormy day, with the wind blowing at a high velocity from the side, and is liable for a collision caused by her swinging around on the parting of the line by which the stern of the inner boat was held to the pier.

In Admiralty. Suit for collision.

James J. Macklin, for libelant.
Avery F. Cushman, for claimant of the Atlas.
Albert A. Wray, for claimant of the Busby.

THOMAS, District Judge. On January 19, 1901, six large barges, several of them covered, and all laden, lay across the end of the North Central pier in the Atlantic Basin. The barge Altoona was next to the pier, and the barge farthest out was the Atlas. The Altoona sustained all the vessels, as she alone had lines to the pier. She had out several lines, but one 4-inch line ran from the cleat on her extreme stern to the string piece of the side of the dock, some 50 feet from the end, although there was an iron spile and an upright put at that place on the dock for the purpose of making fast, which was not used. The wind was from the northwest, and while it was blowing at between 50 and 60 miles an hour, the line just named parted at the string piece,.

and the vessels all swung around, so that the Atlas came in collision with the canal boat Mullen, which was lying at East Central pier, outside and across the bows of three other boats. It will be observed that the opening in the basin gave full opportunity for the wind to affect the vessels, and the accident that happened was precisely what the condition of the boats and the weather would cause. In other words, adequate cause for the parting of the line was present, and, in view of such conditions, the negligence of the Atlas, and even some of the boats lying inside of her, is sufficiently apparent. But the captain of the Altoona ascribes the accident to a different cause. At a time shortly before the parting of the rope, the steam tug Busby had come into the basin, for the purpose of mooring therein the barge Behre, and upon her arrival she put the barge on the north side of the North Central pier, and some 40 or 50 feet away from the end of the pier. The captain of the Altoona states as follows:

"Q. She [the Busby] came in and landed a boat there. Then what? A. He worked up towards my line,—a new four-inch line I had out, I put there the night before to secure me well for the night. He worked on the line for to get his stern off. By doing so he cut my line, and, when that line parted, the other two lines I had out from the stern parted as well from the strain of all the rest of the boats."

Van Pelt, who was on the vessel Ridgeway Park, alongside which the Behre was landed, testified that, after the landing of the barge by the Busby, "she went ahead on a brand new line, and when she went ahead she shoved that line to the dock and her stem iron cut the line. Q. Did you see what boat this line ran to from the dock? A. I think from the first boat, but I couldn't say exactly." On the other hand, it appears from the evidence of the Busby that, although she was headed across the slip, yet that her stem was at all times several feet away from the line and did not touch it. To this the master of the barge Behre, the captain of the Busby, the deckhand Matthews, Wilson, the night captain of the Busby, who was in the pilot house, but not on duty, and Nugent, the engineer of the Busby, who said that he saw the accident, all testify.

This case has been held for some time after having received the first consideration, for the purpose of determining the credibility of these witnesses. Upon the trial the court was impressed with the straightforwardness of the captain of the Altoona, and there is considerable hesitation in determining that he was in error in his statement that the Busby cut the line; but the evidence of the witnesses for the Busby was not impaired by any conduct during the examination, or inconsistency in statement, and the court does not feel justified in concluding that the several witnesses for the Busby were outweighed in the quality of their evidence by the two witnesses testifying in opposition. Therefore the Busby cannot be held for the accident. Although the wind was very much more severe at the time of the accident than it had been theretofore, yet the day had been tempestuous, and the manner in which the Atlas was tied up to the Altoona was calculated to produce this accident; and it is concluded that the Atlas was at fault in lying in the position in which she did.

Decree must therefore proceed against the Atlas alone.